United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-50895
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ORLANDO REYES-PACHON,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-13-ALL-KC
---------------------

Before REAVLEY, JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Orlando Reyes-Pachon (Reyes) appeals his conviction and
sentence following his plea of guilty to illegally reentering the
United States after having been deported.  Citing United States
v. Booker, 543 U.S. 220 (2005), he argues that the district court
erred in increasing his criminal history, pursuant to U.S.S.G.
§ 4A1.1(e), based on the conclusion that at the time of his
illegal reentry, he had been released from custody for less than
two years.  Reyes also argues that the district court committed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"Fanfan error" when it sentenced him pursuant to a mandatory guideline system. Because we conclude that the district court committed "Fanfan error" when it sentenced Reyes pursuant to a mandatory guideline system, see United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir.) cert. denied, 126 S. Ct. 267 (2005), we decline to address Reyes's argument that the application of § 4A1.1(e) amounted to Booker error. See United States v. Apkan, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

This court reviews a preserved Fanfan challenge for harmless error. United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005). The Government has not met its burden of demonstrating that the district court would have imposed the same sentence absent its mandatory application of the Sentencing Guidelines. See United States v. Pineiro, 410 F.3d 282, 286 (5th Cir. 2005); United States v. Garza, 429 F.3d 165, 170 (5th Cir. 2005). Accordingly, we remand the case for the district court to decide whether resentencing will be appropriate.

Reyes's constitutional challenge to the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Reyes contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.

See <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Reyes properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED BUT REMANDED FOR THE DISTRICT COURT TO DECIDE WHETHER TO RESENTENCE.